IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

PROGRESSIVE SELECT INSURANCE COMPANY,

      Petitioner,

 v.                          Case No.  5D16-2334

FLORIDA HOSPITAL MEDICAL CENTER
 A/A/O LOUIS PENA,

      Respondent.
_____/

Opinion filed February 9, 2018

Petition for Certiorari Review
Decision from the Circuit Court
for Orange County Acting in
its Appellate Capacity.

Douglas H. Stein, of Bowman and Brooke,
LLP, Coral Gables, for Petitioner.

Chad A. Barr, of Law Office of Chad A. Barr,
P.A., Altamonte Springs, for Respondent.

Lawrence M. Kopelman, of Lawrence M.
Kopelman, P.A., Fort Lauderdale and Mac S.
Phillips and Chris Tadros, of Phillips Tadros,
P.A., Fort Lauderdale, as Amicus Curiae
Floridians for Fair Insurance, Inc.


ON MOTION FOR REHEARING AND MOTION TO CERTIFY


PER CURIAM.

Progressive Select Insurance Company has filed a motion for rehearing and a motion to certify a question of great public importance to the Florida Supreme Court. We grant the motion for rehearing and the motion to certify. We withdraw the previous opinion and substitute the following in its stead.

Progressive petitions this court for a writ of certiorari, seeking to quash an opinion issued by the Circuit Court for Orange County, sitting in its appellate capacity, which affirmed the final judgment entered by the County Court. We deny the petition based upon the reasoning set forth in our opinion in <u>Progressive Select Insurance v. Florida Hospital Medical Center A/A/O Jonathan Parent</u>, No. 5D16-2333 (Fla. 5th DCA Feb. 9, 2018).

We certify the following question to the Florida Supreme Court as a matter of great public importance:

> WHEN CALCULATING THE AMOUNT OF PIP BENEFITS DUE AN INSURED, DOES SECTION 627.739(2), FLORIDA STATUTES, REQUIRE THAT THE DEDUCTIBLE BE SUBTRACTED FROM THE TOTAL AMOUNT OF MEDICAL CHARGES BEFORE APPLYING THE REIMBURSEMENT LIMITATION UNDER SECTION 627.736(5)(a)1.b., OR MUST THE REIMBURSEMENT LIMITATION BE APPLIED FIRST AND THE DEDUCTIBLE SUBTRACTED FROM THE REMAINING AMOUNT?

PETITION DENIED and QUESTION CERTIFIED.

SAWAYA and EDWARDS, JJ., concur.
PALMER, J., concurring in part, dissenting in part, with opinion.

2

PALMER, J., concurring in part and dissenting in part.                    5D16-2334

I concur in part and dissent in part for the reasons set forth in my opinion in Progressive Selective Insurance Co. v. Florida Hospital Medical Center A/A/O Jonathan Parent, No. 5D16-2333 (Fla. 5th DCA Feb. 9, 2018).