IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

PROGRESSIVE SELECT INSURANCE
COMPANY,

      Petitioner,

v.

      Case No. 5D17-3540

FLORIDA HOSPITAL MEDICAL CENTER
A/A/O JOSE SANCHEZ,

      Respondent.

_____/

Opinion filed July 13, 2018

Petition for Certiorari Review of
Decision from the Circuit Court for
Orange County Acting in its Appellate
Capacity.

Douglas H. Stein, of Association Law
Group, P.L., Miami, for Petitioner.

Chad A. Barr and Heather M. Kolinsky, of
Law Office of Chad A. Barr, P.A., Altamonte
Springs, and Robert J. Hauser, of
Pankauski Hauser PLLC, West Palm
Beach, for Respondent.


PER CURIAM.

      Progressive Select Insurance Company ("Progressive") petitions for a writ of

certiorari regarding an order issued by the circuit court sitting in its appellate capacity in

favor of Florida Hospital Medical Center ("Florida Hospital") a/a/o Jose Sanchez.

Progressive seeks certiorari because of the circuit court's affirmance that Sanchez's personal injury protection ("PIP") deductible should be applied to 100% of Florida Hospital's total medical charges before reducing the amount paid by Progressive pursuant to the statutory reimbursement limitation provided in section 627.736(5)(a)1.b., Florida Statutes (2013).

This case is identical to our recent decisions in <u>Progressive Select Insurance Co. v. Florida Hospital Medical Center a/a/o Parent</u>, 236 So. 3d 1183, 1192 (Fla. 5th DCA 2018), and <u>Progressive Select Insurance Co. v. Florida Hospital Medical Center a/a/o Pena</u>, 236 So. 3d 1182, 1182 (Fla. 5th DCA 2018). In those cases, we denied Progressive's petitions for writs of certiorari, concluding:

> Section 627.739(2)[, Florida Statutes (2014),] currently requires that the deductible be applied to 100% of the expenses and losses, and that is the version the circuit court properly applied. We see no divergence from the correct law in the circuit court's decision, and we see no violation of a clearly established principle of law that results in a miscarriage of justice.

<u>Parent</u>, 236 So. 3d at 1192. We also certified a question of great public importance:

> WHEN CALCULATING THE AMOUNT OF PIP BENEFITS DUE AN INSURED, DOES SECTION 627.739(2), FLORIDA STATUTES, REQUIRE THAT THE DEDUCTIBLE BE SUBTRACTED FROM THE TOTAL AMOUNT OF MEDICAL CHARGES BEFORE APPLYING THE REIMBURSEMENT LIMITATION UNDER SECTION 627.736(5)(a)1.b., OR MUST THE REIMBURSEMENT LIMITATION BE APPLIED FIRST AND THE DEDUCTIBLE SUBTRACTED FROM THE REMAINING AMOUNT?

<u>Id.</u> The Florida Supreme Court has accepted jurisdiction. <u>Progressive Select Ins. Co. v. Fla. Hosp. Med. Ctr.</u>, No. SC18-278, 2018 WL 2064894, at *1 (Fla. Mar. 20, 2018). At the time of this opinion, it has not yet rendered its decision.

2

After we issued our opinions in <u>Parent</u> and <u>Pena</u>, the Fourth District Court reached a contrary result in several of its cases and certified conflict with our decisions. <u>State Farm Mut. Auto. Ins. Co. v. Care Wellness Ctr., LLC</u>, 240 So. 3d 22, 31 (Fla. 4th DCA 2018); <u>USAA Gen. Indem. Co. v. Gogan</u>, 238 So. 3d 937, 937 (Fla. 4th DCA 2018); <u>Progressive Select Ins. Co. v. Blum</u>, 238 So. 3d 852, 853 (Fla. 4th DCA 2018). We accordingly certify conflict with <u>Care Wellness Center</u>, <u>Gogan</u>, and <u>Blum</u> and certify the same question that we previously certified in <u>Parent</u> as one of great public importance.

PETITION DENIED; CONFLICT CERTIFIED; QUESTION CERTIFIED.

SAWAYA, PALMER, and LAMBERT, JJ., concur.