PER CURIAM.
USAA General Indemnity Company ("USAA") petitions for second-tier certiorari relief regarding an order issued by the circuit court sitting in its appellate capacity in favor of Florida Hospital Medical Center ("Florida Hospital") a/a/o Raymond Rivera. The circuit court affirmed the final judgment of the county court determining the proper methodology in the application of the deductible authorized under section 627.739(2), Florida Statutes (2016), when personal injury protection ("PIP") benefits are sought by an insured. We deny the petition.
This case is identical to our recent decisions in Progressive Select Insurance Co. v. Florida Hospital Medical Center a/a/o Melendez , --- So.3d ----, ----, 43 Fla. L. Weekly D2463 (Fla. 5th DCA Nov. 2, 2018) ; Progressive Select Insurance Co. v. Florida Hospital Medical Center a/a/o Sanchez , 249 So.3d 779 (Fla. 5th DCA 2018) ; Progressive Select Insurance Co. v. Florida Hospital Medical Center a/a/o Parent , 236 So.3d 1183 (Fla. 5th DCA 2018) ; and Progressive Select Insurance Co. v. Florida Hospital Medical Center a/a/o Pena , 236 So.3d 1182 (Fla. 5th DCA 2018). In each of these cases, we certified the following question as one of great public importance:
WHEN CALCULATING THE AMOUNT OF PIP BENEFITS DUE AN INSURED, DOES SECTION 627.739(2), FLORIDA STATUTES, REQUIRE THAT THE DEDUCTIBLE BE SUBTRACTED FROM THE TOTAL AMOUNT OF MEDICAL CHARGES BEFORE APPLYING THE REIMBURSEMENT LIMITATION UNDER SECTION 627.736(5)(a)1.b., OR MUST THE REIMBURSEMENT LIMITATION BE APPLIED FIRST AND THE DEDUCTIBLE SUBTRACTED FROM THE REMAINING AMOUNT?
E.g. , Parent , 236 So.3d at 1192. The Florida Supreme Court has accepted jurisdiction. Progressive Select Ins. Co. v. Fla. Hosp. Med. Ctr., No. SC18-278, 2018 WL 2064894, at *1 (Fla. Mar. 20, 2018). At the time of this opinion, it has not yet rendered its decision.
After we issued our opinions in Parent and Pena , the Fourth District Court reached a contrary result in several of its cases and certified conflict with our decisions. State Farm Mut. Auto. Ins. Co. v. Care Wellness Ctr. a/a/o Bardon-Diaz , 240 So.3d 22, 24, 31 (Fla. 4th DCA 2018) ;
*1014 USAA Gen. Indem. Co. v. Gogan a/a/o Ricks , 238 So.3d 937, 937 (Fla. 4th DCA 2018) ; Progressive Select Ins. Co. v. David A. Blum, M.D., P.A. a/a/o Moreno , 238 So.3d 852, 853 (Fla. 4th DCA 2018). We accordingly certify conflict with Care Wellness Center , Gogan , and Blum and certify the same question that we have previously certified in our above four cases as one of great public importance.
PETITION DENIED; CONFLICT CERTIFIED; QUESTION CERTIFIED.
ORFINGER, LAMBERT, and HARRIS, JJ., concur.